Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1486 | **DATE** | August 19, 2010 |
| **CASE TITLE** | Larry Maurice Banks (#2008-0075276) vs. Psychiatrist Mills, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider allowing him to proceed on his claims against Dr. Basheer Ahmeed [#8] is denied. Plaintiff's motion to proceed *in forma pauperis* [#4] is denied as moot. Plaintiff's motion for appointment of counsel [#9] is denied. Plaintiff's motion for default judgment [#10] is denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

On June 1, 2010, the Court allowed Plaintiff to proceed on his claims against Defendant, Dr. Mills, his psychiatrist at the Cook County Jail. The Court found on initial review that Plaintiff, having previously "struck out", was allowed to proceed against Dr. Mills because, as to Defendant Mills, Plaintiff had satisfied the imminent danger requirement established by statute in 28 U.S.C. § 1915(g). The Court dismissed all other claims against all other Defendants because Plaintiff did not make the necessary showing of imminent danger.

Plaintiff has submitted a motion to reconsider the Court's decision dismissing Dr. Basheer as a Defendant. As the Court held in its June 1, 2010 order, the imminent danger exception provided for in 28 U.S.C. § 1915(g) requires that the "threat or prison condition [be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm are not sufficient; the harm must be imminent or occurring at the time that the complaint is filed. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Plaintiff's claims against Dr. Basheer relate to alleged past harms at Chester Mental Health Center. Plaintiff is presently incarcerated at the Cook County Jail. Plaintiff argues that he may be sent back to Chester Mental health Center, however, any such transfer is, at best, speculative, and not sufficiently real and proximate. Consequently, Plaintiff's motion to reconsider is denied.

Plaintiff has also filed an additional motion to proceed *in forma pauperis*, explaining his theory of imminent danger, and why he should be allowed to proceed on his claims. As the Court has granted his previous i.f.p. petition as to those claims determined by the Court on initial review to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g), Plaintiff's motion to proceed i.f.p. is denied as moot.

Finally, Plaintiff has filed a motion for appointment of counsel. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129
**(CONTINUED)**

AWL

| STATEMENT |
|---|

F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

Additionally, it should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Finally, Plaintiff has submitted a motion seeking default judgment against Defendant Mills. The docket indicates that summons was issued to Defendant Mills on 6/1/2010. There is no indication from the docket that summons has yet been served on Defendant Mills. As he has not yet been served, Defendant Mills can not be in default. Consequently, Plaintiff's motion for default judgment as to Defendant Psychiatrist Mills is denied.